## THE LEHIGH COAL AND NAVIGATION COMPANY.

*v.*

## THE CENTRAL RAILROAD COMPANY OF NEW JERSEY.

After the court of chancery had appointed a receiver for an insolvent railroad corporation the petitioner began an action at law against the corporation to recover damages for personal injuries sustained through the corporation's negligence. On demurrer thereto the supreme court allowed him to amend by inserting the receiver's name in place of the corporation's in his pleadings, and ordered the chancellor to consent to the amendment and to the continuance of the suit by the petitioners.—*Held*, that the court of chancery could, on petition, restrain the receiver from pleading in the action at law the statute of limitations, which had become a bar between the beginning of that action and the filing of this petition.

On bill &c.

*Mr. Frederick J. Parker*, for complainant.

*Mr. B. Williamson*, for defendant.

BIRD, V. C.

The petition now presented shows that the petitioner, Benajah Layton, was injured by the engine of the defendant, and that he brought an action at law against the defendant corporation while it was in the hands of a receiver appointed by an order of this court; that he filed his declaration, which was demurred to; that the supreme court allowed him to amend his summons by substituting the receiver as defendant and to amend his declaration to the same effect, with the proviso in the order allowing such amendments, that "the chancellor of this state shall, on ap-

plication of the said plaintiff to him, grant permission and consent to such amendment and the continuance of said suit against said receiver as aforesaid."

If, before the action was begun, application had been made for leave to proceed against the receiver, it would doubtless have been granted.

But, at this time, the petitioner asks for an order restraining the said receiver from setting up the statute of limitations as a defence to said action at law. Although the action pending be in another tribunal I think this court has jurisdiction of the parties so far as to take action on the particular question. The receiver holds his position as such by virtue of an order of this court; and the petitioner comes into this court to obtain permission to proceed at law against the receiver; both, therefore, being in this court.

As to the statute of limitations, shall this court attempt to control that question, preventing the receiver from interposing it as a bar? First, ought that court, which has the right and power, to interpose in behalf of the alleged creditor? I think so, in such case as this, if ever, for in one sense it is the defendant company which is liable, although that liability can only be established against the receiver. The receiver does not pay nor answer for anything out of his own funds or estate, but only out of the assets of the defendant company so far only as they will extend. But, again, as appears by the record before me, the action at law in the supreme court was instituted in time to avoid the statute, and that suit is still pending, not, it is true, against the same defendant, technically, but practically; for in its stead has been placed its agent the receiver—its agent to the extent that he manages all its affairs. And this, therefore, makes another observation manifest, that is, that it is the same action and consequently the same record, although the pleadings therein have been amended. Coming to this conclusion, then, ought this court to interpose? I say *this* court, for I can only speak for this court.

Whilst it seems to me that a court of law would say this is no case for the interposition of the plea of the statute, yet, upon

some ground better known to those who pay greater attention to, and have constant experience in the courts of law, such courts may allow such plea. Hence, I think this court ought to act. Upon being called upon by those interested, this court could direct the receiver to set up the statute. This, I think, cannot be doubted. If the court has the just right in the one case, there can be no doubt but it has the same right in the other.

My mind follows, and is influenced by the conviction that this court has the same control over the actions of the receiver, suing or being sued in a court of law, as though all the proceedings were in this court, because he is the creature or officer of this court. This control can be, as it always has been, exercised without a shadow of conflict. If, therefore, the proceedings were in this court for this recovery, and the proceedings had been amended as they have been in the supreme court, this court would say that the statute is no bar, for it had not commenced to run at the time of the institution of the suit; although the pleadings have been very materially amended by striking out the name of the only defendant, and inserting the name of another, *yet it is the same suit;* a suit which was begun before the statute began to run. There is sound reason for this, and, I think, excellent authority. In *Thorpe* v. *Mattingley, 2 Y. & Coll. Ex. 421,* where a bill for tithes having been filed within the period limited by the statute, and amended after that period for the purpose of adding another party, it was held sufficient as against the last-named party, inasmuch as the bill, and amended bill, formed but one record. In *Boyd* v. *Higginson, 5 Ir. Eq. 97,* it appears that a bill was filed, in 1833, to establish a will, and to have legacies declared a lien on real estate. The defendant was not brought in by subpœna or otherwise. On December 24th, 1841, the legatee filed another bill, making mention of the filing of the former bill, " as by said original bill or record will appear," and relying on that bill as a bar to the statute, and praying that the will might be established, and the legacies made a lien on the real estate. This latter bill was not described in any part of it as " an amended bill," but was marked as such by the proper officer when filed. The bill filed in 1841

was demurred to, but the court decided that it should be considered as an amended bill, and that the suit was pending from the date of filing the original bill, in 1833, and that the filing of that bill, without service of subpœna, was sufficient to save the plaintiff's demand from the operation of the statute. See, also, *Smith* v. *Walsh, 1 Ir. Eq. 167.*